IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EARNEST JACKSON, JR.,  ] | |
| ] | |
| Movant,  ] | |
| ] | |
| vs.  ] | CRIMINAL NO. 91-RBP-RRA-205-S |
| ] | |
| ] | |
| THE UNITED STATES OF AMERICA,  ] | |
| ] | |
| Respondent.  ] | |

## **MEMORANDUM OPINION**

The magistrate judge entered a report and recommendation, recommending that Jackson's "Motion Pursuant to 18 U.S.C. § 3582(c)(2)" be denied. Jackson has filed objections to the report and recommendation.

In the report and recommendation, the magistrate judge found as follows:

Jackson was sentenced based upon a conspiracy involving at least 25 or 26 kilograms of cocaine. He argues that "in light of Amendment 484 the Court must separate/exclude the plastic wrappings from the 17 kilogram packages of cocaine when determining the cocaine's actual weight." *Motion*, Court Document 121, at p. 9. In a footnote to this argument, Jackson offers the following:

> Mr. Jackson contends that when considering Amendment 484 that the actual weight of the cocaine attributable to him is 15,708 grams. Mr. Jackson reaches this conclusion by multiplying 924 grams (the actual amount of each of the 4 kilograms seized at Delta Dash inside the microwave oven) by the 17 packages of cocaine in which the court found Mr. Jackson responsible for.

*Id.*

Jackson's argument is without merit. First, Jackson has offered nothing to suggest that the weight of the packaging was included in the weight of the 25 or 26 kilograms of cocaine for which Jackson was sentenced. Therefore, Amendment 484

is inapplicable to his case. Moreover, even assuming that his argument is correct, that the amount of cocaine attributable to him is only 15.7 kilograms, FN.1, Jackson would not be entitled to a sentence reduction. Jackson was sentenced based upon a conspiracy involving at least 25 or 26 kilograms of cocaine.

> FN.1. The movant offers no explanation as to how he arrived at the figures he used to calculate that the amount of cocaine involved was only "15,708 grams," and the court is unable to determine the source of his figures.

His base offense level was determined based upon U.S.S.G. Section 2D1.1(a)(3), which provides that offenses involving 15 to 50 kilograms of cocaine have a base offense level of 34. Therefore, even if the amount of cocaine involved was just 15.7 kilograms, he would still have had a base offense level of 34 and his sentence would not change. His claim based upon Amendment 484 is due to be DISMISSED.

Jackson objects to the court's statements that he was sentenced for 25 or 26 kilograms of cocaine. Jackson is correct. Although the presentence report found Jackson was accountable for 25 or 26 kilograms of cocaine, he was only sentenced for 17 kilograms of cocaine. *Sentencing Transcript*, at p. 52. However, Jackson was still sentenced correctly since his base offense level would not have changed from 34 as long as the amount of cocaine he was sentenced for was between 15 and 50 kilograms.

Jackson further objects that the trial transcripts prove that he "was found guilty of 4 kilograms of cocaine that most definitely were weighed with enormous amounts of cellophane that had been wrapped around them." He adds that no one has denied that the plastic wrap or "other inert substances" were included in the weight of the cocaine.

Clearly it would be wrong for the government to include foreign substances when presenting its evidence as to the weight of the cocaine involved in this crime. As anyone knows, the weight of extraneous matter is not a part of the weight of the cocaine. Thus, the petitioner may not infer that the government's evidence of the amount of cocaine includes the weight of foreign material; that

would mean that the representation of weight of the cocaine was an incorrect statement, as the weight actually consisted of cocaine and something else.  Therefore, the burden is on the petitioner to prove that foreign substances were improperly weighed and reported along with the weight of the cocaine.  Jackson, however, has not pointed to any evidence in the record, or provided the court with evidence not in the record, to support his conclusory allegation that plastic wrap and/or other inert substances were included in the weight of the cocaine.

The court has considered the entire file in this action, together with the report and recommendation and the objections, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved.  Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court.

The "Motion Pursuant to 18 U.S.C. § 3582(c)(2)" is due to be DENIED.  An appropriate order will be entered.

Done this 14th day of May, 2009.

　　　　　　　　　　　　　　　　　　　**ROBERT B. PROPST**
　　　　　　　　　　　　　　　　　　　**SENIOR UNITED STATES DISTRICT JUDGE**